**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DE'ANDRE L. NEWKIRK, | ) | 1:12-cv-00134-LJO-JLT HC |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |
| HECTOR RIOS, JR., Warden, | ) | ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant federal petition on January 30, 2012. (Doc. 1). The petition indicates that on January 14, 2010, Petitioner was convicted by a plea of nolo contendere in the United States District Court for the Northern District of Ohio, in criminal case no. 1:09-cr-00381-DAP, of one count of violating 18 U.S.C. § 922(g)(1), i.e., being a felon in possession of a firearm.[1] Petitioner was sentenced to a term of 48 months in prison, and supervised release

---

[1] The Court has ascertained the procedural facts regarding Petitioner's conviction from accessing the electronic court records ("PACER") of the United States District Court for the Northern District of Ohio. The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc.,

following prison for a period of three years.  Petitioner was not assessed any restitution or fine, but was ordered to pay a special assessment of $100.

On January 6, 2012, Petitioner filed a motion for automatic stay and suspension of sentence in the sentencing court, arguing that he was entitled to an "automatic and indefinite suspension of sentence" and an "indefinite stay of judgment" because, under § 922(g)(1) the $250,000 fine imposed is a "debt" owed by Petitioner.  He claimed further that such a "debt" is treated as a "tax lien" so that his conviction is a "judgment on a debt" within the meaning of the Federal Debt Collection Procedures Act.  Plaintiff also asserted that on January 1, 2012, Petitioner had offered his personal property pursuant to Federal Rules of Civil Procedure 68(a), thereby satisfying the debt and releasing the "lien."  Concurrent with the motion itself, Petitioner submitted to the sentencing court an "offer of judgment" in the amount of $500,000, and a promissory note in the amount of $250,000.

On January 9, 2012, the sentencing court denied Petitioner's motion for stay and suspension of sentence.  On January 23, 2012, Petitioner appealed this denial to the United States Court of Appeals, Sixth Circuit, in case no. 12-3105.  On February 8, 2012, Petitioner's attorney was granted leave to withdraw from representing Petitioner on appeal and the sentencing court denied Petitioner's motion for leave to appeal in forma pauperis, ruling that such an appeal "could not be taken in good faith."  On March 8, 2012,  Petitioner filed a letter with the court containing a "promise to pay" the $455 filing fee if his appeal could proceed.  It appears that, at this time, the appeal is still pending and Petitioner is representing himself.

Petitioner now brings this habeas petition raising essentially the identical claims he previously raised in his motion for stay before the sentencing court that is presently on appeal. Petitioner argues that his conviction is somehow reducible to a $250,000 debt or tax lien that is a "judgment on a debt" within the meaning of the Federal Debt Collection Procedures Act, that Petitioner has volunteered to deliver his personal property to Respondent in satisfaction of that debt, and that therefore, he is entitled to a satisfaction of judgment, a release of the lien, a stay of

---

615 F.2d 736, 738 (6th. Cir. 1980).  As such, PACER records are subject to judicial notice.

1  execution, and a suspension of his sentence. (Doc. 1, pp. 5-6).  For the reasons set forth below,
2  the Court recommends that the petition be dismissed for lack of jurisdiction.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner's allegation that, having tendered his personal property in satisfaction of a "lien" created by the judgment of conviction in the Northern District of Ohio, he is entitled to satisfaction of the judgment and a stay of execution, is a challenge to the sentence itself, since Petitioner's argument is premised on the assumption that his 48-month sentence for being a felon in possession of a firearm is reducible to a monetary debt that can be satisfied by a tender of property and that such a tender and satisfaction has been made.  Petitioner's argument that he is challenging the execution of his sentence is but a thinly-disguised attempt to circumvent the

1  prohibition against using a habeas corpus petition to collaterally attack a conviction or sentence.

2  Contrary to Petitioner's contentions, the proper vehicle for raising the instant claim is by a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not a habeas corpus petition. Although Petitioner strains to fit his case within the parameters of § 2241 by stretching beyond recognition the limits of the phrase "execution of sentence," it is abundantly clear that his real challenge is to his underlying sentence itself, not to the way in which that sentence is presently being carried out by the BOP.

Indeed, if Petitioner's reasoning were correct, then *every* sentencing challenge required to be brought under § 2255 could, in the alternative, properly be brought as a habeas petition since every sentence to a determinate term of months in prison would, using Petitioner's reasoning, be reducible to a monetary judgment that could then be satisfied through a tender of property or money, thus circumventing § 2255 altogether and rendering it both unnecessary and irrelevant. Because Petitioner is in reality challenging his sentence, not its execution, he is precluded from bringing such a collateral attack in a petition filed pursuant to § 2241. Grady, 929 F.2d at 470; Tripati, 843 F.2d at 1162.

Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255). The Ninth Circuit has recognized that this is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-

4

Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but procedurally barred from filing a second or successive motion under § 2255. Ivy, 328 F.3d at 1060-1061. That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060.

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct. 254 (2008). "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Id., citing Ivy, 328 F.3d at 1060-1061.

The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). This Petitioner has failed to do. Petitioner has not established that he has even attempted to raise his claim in a § 2255 motion in the sentencing court; hence, he cannot, therefore, seriously contend that he has not had an unobstructed procedural shot at presenting his claim in the trial court. Accordingly, he has failed to establish that § 2255 is either inadequate or ineffective for purposes of invoking the savings clause. In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[2]

---

[2] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced.* In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the Northern District of Ohio. Thus, that court is the proper venue for filing a petition for writ of habeas corpus

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 19, 2012**                                         **/s/ Jennifer L. Thurston**
                                                                     UNITED STATES MAGISTRATE JUDGE

---

pursuant to § 2255.

6